## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RANDALL W. BUNCH

     Petitioner,

v.                                         Case No: 8:13-cv-2763-CEH-TGW

STATE OF FLORIDA,

     Respondent.

_____/

## ORDER

Petitioner Randall W. Bunch, a federal inmate, brings this action *pro se* for habeas corpus relief under 28 U.S.C. § 2241 (Dkt. #1), in which he challenges a detainer for a violation of probation imposed in Florida and attacks the probation revocation charges in the underlying state case. The Court, having reviewed the petition and Respondent's response and motion to dismiss (Dkt. #12), and being otherwise advised in the matter, concludes that Petitioner's claims are not cognizable.

## BACKGROUND

Petitioner Randall W. Bunch ("Bunch") is currently serving a 120-month sentence in federal prison for offenses he committed in Louisiana. Respondent, the State of Florida (the "State" or "Florida"), has a detainer lodged against Bunch for a series of violations of a probationary sentence it previously imposed.

In an attempt to resolve the detainer, Bunch filed a *pro se* motion in Florida state court for credit for time served. He petitioned the court to allow him to enter a plea in abstenia on the violation of probation charge and to be sentenced to time served. The state court denied his motion, holding that, under state law, Bunch was not entitled to plea in abstentia and that he was not entitled to jail credit because he had not yet been arrested on the violation of probation charge. Bunch subsequently filed a *pro se* motion in state court for speedy trial under the Interstate Agreement of Detainers ("IAD"). The state court again denied Bunch's motion, asserting that the IAD did not apply to detainers based on probation violation charges.

In the instant petition for habeas corpus relief, Bunch essentially requests the Court to force the State's hand under the IAD and oblige it to resolve the pending violation of probation charge. He raises multiple grounds claiming the State:

1.  violated his right to a fast and speedy trial;

2.  violated his right to a fast and speedy trial under the IAD;

3.  denied him any relief in his pending case; and

4.  violated his felony probation for a crime for which he was never convicted.

## DISCUSSION

Section 2241 provides habeas relief to prisoners in Bunch's posture only if they are in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c). Bunch does not challenge his current custody in federal prison. Rather, he challenges his future confinement by challenging the Florida detainer. Because the "in

custody" requirement of § 2241(c) for a habeas petitioner seeking to challenge confinement that would be imposed in the future is satisfied by virtue of a detainer, Bunch has met this provision of the statute by alleging that Florida has violated the IAD by declining to act on his detainer. *See Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 488-89 & n.4 (1973).

In his first three grounds for relief, Bunch posits that the Florida detainer is being maintained in violation of his Sixth Amendment speedy trial rights as recognized by the IAD. First, Bunch alleges that the State violated his right to a fast and speedy trial by denying his motion for jail credit for time served. Second, Bunch contends that the State violated his right to a fast and speedy trial under the IAD by denying his motion for speedy trial. Under both of these grounds for relief, Bunch asserts that the pending violation of probation case precludes him from obtaining rehabilitation and drug and alcohol treatment in federal prison. And third, Bunch maintains that Florida, as a party state to the IAD, "has refused any and all cooperative remedies that [Bunch has] offered and . . . refuse[s] to come and pick [him] up to resolve the matter." Though Bunch cites to federal law, a closer look at these allegations reveals that Bunch has not actually stated a claim under § 2241.

The IAD is a compact among 48 states,[1] the District of Columbia, Puerto Rico, the Virgin Islands, and the United States of America. *Carchman v. Nash*, 473 U.S. 716, 719 (1985). It is "a congressionally sanctioned interstate compact within the Compact Clause, U.S.Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal

---

[1] Section 941.45 of the Florida Statutes adopts and incorporates Articles I-IX of the IAD.

construction." *Id.* (citing *Cuyler v. Adams*, 449 U.S. 433, 438-442 (1981)). Under Article III of the IAD, a prisoner incarcerated in one state (the "sending state") may demand the speedy disposition of "any untried indictment, information, or complaint" that is the basis of a detainer lodged against him by another state (the "receiving state"). *Carchman* at 720. If the prisoner makes such a demand, the IAD requires the authorities in the receiving state to bring him to trial within 180 days, or the court must dismiss the indictment, information, or complaint, and the detainer will cease to have force or effect. *Id.* at 721. Importantly, the IAD does not apply to a detainer based on a violation of probation. *Id.* at 725 ("A probation-violation charge . . . does not come within the terms of Art. III.").

Because the IAD does not contemplate detainers based on probation violations, Florida is not required to comply with Bunch's requests for speedy trial or to otherwise resolve the detainer. Further, the right to speedy trial does not apply in probation revocation proceedings. *United States v. Taylor*, 931 F.2d 842, 848 (11th Cir. 1991). Bunch's attacks on the Florida detainer thus do not allege an actual violation of federal law, and he fails to state a cognizable claim under § 2241.[2]

Bunch's final ground for relief is, on its face, insufficient because he alleges no violation of federal law. He maintains that the State violated his probation for a crime for which he was never convicted, asserting that the charges for the offenses that form the basis of his violation of probation were dropped. Therefore, he contends, Florida should have

---

[2]      Notably, the *Carchman* court held that the IAD does not apply to detainers based on violations of probation notwithstanding its explicit recognition that the detainer may operate to "obstruct programs of prisoner treatment and rehabilitation." 473 U.S. at 720. While the Court recognizes Bunch's concern that the Florida detainer precludes him from the rehabilitation and drug and alcohol treatment he deems necessary, this reality has no bearing on his failure to surmount the hurdle erected by § 2241's threshold requirements.

reinstated his probation but refuses to do so. In essence, Bunch attacks the underlying violation of probation *charge* brought by the State. He has not alleged that the Florida *detainer* – his gateway into § 2241 – violates federal law. Therefore, this ground is not cognizable.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Because Bunch has not presented the keys that unlock the door to relief under § 2241, the Court concludes that his petition must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DISMISSED.

2.      The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## *IN FORMA PAUERIS* DENIED

IT IS FURTHER ORDERED that Bunch is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Bunch "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Bunch has not made the requisite showing in these circumstances.

Finally, because Bunch is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

DONE AND ORDERED this 14 day of April, 2015, at Tampa, Florida.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel/Parties of Record